Battle, J.
 

 The case of the
 
 State
 
 v.
 
 Chavers,
 
 (ante 11,) decided that the color of the defendant was competent evidence for the consideration of the jury, upon the question whether he was a free negro within the meaning of the 66th section of the 107th chapter of the Devised Code. There, the testimony was offered by the defendant’s exhibiting himself to the j my at the instance of his own counsel, but in the present case it is offered by the State, and the question is, whether the State lias the right to compel the defendant to exhibit himself, against his consent, to the jury, for the purpose of enabling them to decide upon his
 
 status
 
 as a free negro within the statute. Upon consideration, we are decidedly of opinion that ho
 
 can not
 
 / because it is, in effect compelling him to furnish evidence against himself in a criminal prosecution. Nothing is better settled, than that a defendant in a criminal charge, cannot be compelled to produce a private paper which would be evidence against him on the trial;
 
 Rex
 
 v.
 
 Worsenham,
 
 1 Ld. Rayrn. Rep. 705 ;
 
 Rex
 
 v.
 
 Mead,
 
 2 Ld. Raym.
 
 *260
 
 Rep. 927;
 
 Rex
 
 v. Shelly, 3 Term R. 142. Courts of law would not compel a party to produce a deed or other private paper, even in a civil case, where it was intended to be used as evidence against him;
 
 Huldane
 
 v.
 
 Harvey,
 
 4 Burr. Rep. 2489. So strong was this rule, and so much did it interfere with the ascertainment of the truth in trials at law, that our Legislature, in the year 1821, passed an act empowering the courts of law to require the parties, under certain circumstances, to produce books and papers in their possession, or power, which might contain evidence pertinent to the issue on the trial, (see Rev. Code, ch. 31, sec. 82). This act does not extend to criminal prosecutions, and as to them, therefore, the law remains as it was before. If, then, the defendant, in a criminal charge, as a general rule, is protected from being compelled to furnish evidence against himself, upon what reason can he be made to exhibit himself to the jury for the purpose of affording testimony necessary to convict him of a crime ? Why should this be an exception to that great conservative rule which the generous spirit of the common law has established for the protection of accused persons ?
 

 The
 
 Attorney General
 
 says, that the defendant is required by law to be present at the trial, and that the jury must necessarily see him, and that therefore, it cannot be a violation of his rights, for the State to compel him to offer himself for the inspection of the jury. Admitting that the State has a right to compel his presence at the trial, it does not follow that he is bound to stand or sit within view of the j ury. Indeed, if he were so bound, why call upon him to exhibit himself to them ?
 

 Another argument of more weight is, that the testimony when afforded to the jury, is not incompetent, though it might have been an act of tyranny in the Court to compel it. But this argument proves too much, and would be equally available, if admitted in favor of Ihe competency of a deed, or other private paper, which a court might wrongfully have compelled a defendant to produce. Surely, in such a case, the
 
 manner
 
 in which the deed or paper was produced and
 
 *261
 
 offered, would be error, although, the deed or paper, if fairly brought before the jury, would be competent evidence. So, the confession of a supposed criminal will be competent, or otherwise, according to the circumstances under which it was made. In the present case, we know that the presiding Judge did not intend to compel the defendant to offer himself to the inspection of the jury by an act of arbitrary power, but he did it in what he deemed the exercise of a rightful authority; if in that he erred, as we think he did, his error may have prejudiced the cause of the defendant, and for that the defendant is entitled to another trial.
 

 Pee Cueiam, Judgment reversed.