while he was at work at a place which would become unsafe, under certain conditions, to exercise due care to prevent the happening of these conditions. It appears upon the face of the record that the breach of these duties was the proximate cause of plaintiff's injuries. The resident defendants, upon the facts appearing on the face of the record are liable to plaintiff. The fact that they were not present at the time of the injury, giving to plaintiff specific orders with respect to his work, does not relieve them of liability. Plaintiff was at work under their orders, at a place which they knew was dangerous, under conditions then existing, which they could have prevented by the exercise of due care for the safety of plaintiff.

Our decision in this case is sustained by the decision in *Swain v. Cooperage Co.,* 189 N. C., 528, 127 S. E., 538. Upon the facts appearing on the record in that case, it was held that the superintendent of defendant company was liable to plaintiff, and that there was error in the refusal of the motion to remove, upon the ground of fraudulent joinder.

Where an employer is liable to an employee for damages caused by negligence arising from the breach of a nondelegable duty, the vice-principal of the employer, under whose orders the employee was at work at the time he was injured, may or may not be personally liable to the employee. His liability must be determined by the facts of the particular case. We need not now discuss or decide the interesting question as to when or under what circumstances he may be held personally liable. Upon the facts of the instant case, both the superintendent of and the foreman in, the factory owned and operated by defendant, Savona Manufacturing Company, are liable to plaintiff. There was no error in refusing the motion for removal. The order affirming the order of the clerk and denying appellant's motion is

Affirmed.

---

F. B. INGLE v. GAY GREEN.

(Filed 12 December, 1928.)

**Contracts—Construction and Operation—Conditions.**

Where the plaintiff alleges a contract for the division of profits to be derived from the sale of certain real estate provided a satisfactory sale was made within twelve months from the date of the contract, and alleges that he produced purchasers for the land, but that none of the offers was satisfactory to the defendant, and there is no allegation of fraud or arbitrary refusal to sell: *Held,* evidence sustaining these contentions was properly nonsuited.

JONES *v.* CANDLER.

APPEAL by plaintiff from *McElroy, J.,* at March Term, 1928, of HENDERSON.

Civil action to recover damages for an alleged breach of the following contract:

"Asheville, N. C., 14 April, 1925.

"This form of contract by and between Gay Green, party of the first part, and F. B. Ingle, party of the second part. The party of the first part purchased the T. L. Johnson farm containing 150 acres for $16,000.00, through the party of the second part with the understanding that both parties hereto are to share all profits equally above the purchase price of $16,000.00, and each party are to bear equally in all expense of handling and selling said farm. Provided a satisfactory sale can be made within twelve months from date.

GAY GREEN,<br>F. B. INGLE."

The proviso, or last sentence, in this contract was inserted by the defendant in his own handwriting. It is conceded that no sale was made within the life of the contract, though plaintiff alleges he produced purchasers ready, able and willing to buy before the expiration of the twelve month's period. But none of the offers was satisfactory to the defendant. There is no allegation that defendant acted fraudulently or arbitrarily in refusing to sell.

*Arledge, Taylor & Crowell for plaintiff.*
*Alfred S. Barnard and Shipman & Arledge for defendant.*

PER CURIAM. The record fails to disclose any ground upon which plaintiff is entitled to recover against the defendant in the present action.

The judgment of nonsuit was properly entered.
Affirmed.

---

GEORGE W. JONES v. W. G. CANDLER ET AL.

(Filed 12 December, 1928.)

1. **Appeal and Error—Record—Matters Not Set Out in Record Deemed Without Error.**

     Matters not set out in the record will be deemed to be without error on appeal.

2. **Appeal and Error—Review—Burden of Showing Error.**

     The burden of showing error on appeal is on the appellant.