CARRIE STEWART CHAPPEL v. C. E. EBERT AND WIFE, LISETTA EBERT, AND R. L. BRINSON, TRADING AS SOUTHERN OIL COMPANY.

(Filed 9 April, 1930.)

1. **Judgments L a—Judgment of nonsuit on merits is not a bar to subsequent action unless evidence is substantially the same.**

   It is not enough to sustain a plea of *res judicata* that a former action between the same parties on the same subject-matter was nonsuited on its merits, but, in addition, the evidence in the second action must be substantially the same as in the first in order for the judgment in the first to be a bar to the second.

2. **Courts B e—Appeal from county court may be dismissed for failure to serve case on appeal unless error appears on face of record.**

   On an appeal from a County Court created by chapter 520, Public-Local Laws of 1915, amended by chapter 18, Public-Local Laws of 1925, to the Superior Court, a "statement of case on appeal" is necessary, and where the appellant fails to serve his case on appeal, the appeal is subject to dismissal unless some error appears on the face of the record proper, and where it appears from the record that the action was dismissed in the County Court upon the plea of *res judicata* for that an action between the same parties on the same subject-matter had been nonsuited on its merits, and there is no finding that the evidence in the second action was substantially the same, the judgment of the Superior Court remanding the cause to the County Court for trial will be affirmed on appeal to the Supreme Court.

APPEAL by defendants from *Finley, J.,* at November Term, 1929, of FORSYTH.

Civil action in ejectment, dismissed in Forsyth County Court 29 April, 1929, and heard on plaintiff's appeal to the Superior Court of Forsyth

County at the November Term, 1929, by Finley, J., who reversed the judgment of the County Court and remanded the cause for a new hearing.

There was a motion made by defendants before McElroy, J., at the September Term, 1929, Forsyth Superior Court, to dismiss plaintiff's appeal for failure to serve statement of case on appeal as required by law. This motion was overruled on the ground that as the plaintiff's appeal was from a judgment sustaining the defendants' plea in bar, *res judicata*, determined alone by the court records, no statement of case on appeal was necessary. Defendants duly noted an exception to this ruling.

The judgment of the County Court was to the effect that as the plaintiff had instituted a prior suit against the same defendants, concerning the same subject-matter, which was nonsuited, July Term, 1926, upon the merits of the cause, he is now estopped or barred, by judgment in the former suit, from maintaining the present action.

From the judgment of Finley, J., reversing the judgment of the County Court and remanding the cause for a new trial in the County Court, the defendants appeal, assigning errors.

*Ratcliff, Hudson & Ferrell and John J. Ingle for plaintiff.*
*Alexander & Butler for defendants.*

STACY, C. J. It is contemplated by the act creating the Forsyth County Court, chapter 520, Public-Local Laws, 1915, amended by chapter 18, Public-Local Laws, 1925, that in appeals from said County Court to the Superior Court of Forsyth County, there shall be "a statement of case on appeal," for it is provided that such appeals may be taken "in the same manner and under the same requirements as are now provided by law for appeals from the Superior Court to the Supreme Court." The plaintiff's appeal, therefore, from the judgment of the County Court to the Superior Court of Forsyth County was subject to be dismissed for failure to serve statement of case on appeal, unless some error appeared on the face of the record proper, which Judge McElroy perhaps thought might be the case, as he declined to dismiss the appeal, and which Judge Finley found to be the case when he came to pass upon the appeal. In this view, both rulings are correct.

The judge of the County Court found the facts and embodied them in his judgment of dismissal. It is not enough, to sustain a plea of *res judicata,* that the former suit between the same parties, concerning the same subject-matter, should have been nonsuited on its merits, but, in addition, the evidence in the two cases must be the same or substantially the same. *Hampton v. Spinning Co., ante,* 235, 151 S. E.,

266. In this respect, the judgment of the County Court was defective, and the judgment of the Superior Court remanding the cause for another hearing is correct.

Note, the judgment pleaded as an estoppel was not rendered on facts agreed or admitted or established by a verdict *(Distributing Co. v. Carraway,* 196 N. C., 58, 144 S. E., 535, *Hardison v. Everett,* 192 N. C., 371, 135 S. E., 288), but is one of nonsuit.

Affirmed.