STATE v. J. M. RIDDLE AND E. F. HUFFMAN.

(Filed 10 January, 1934.)

1. **Criminal Law I j—Prosecuting witness's unequivocal identification of defendants as perpetrators of crime precludes nonsuit.**

Where the prosecuting witness testifies that he was robbed by the use or threatened use of firearms, and unequivocally identifies defendants as the perpetrators of the crime, their motion as of nonsuit is properly overruled.

STATE *v.* RIDDLE AND HUFFMAN.

**2. Constitutional Law F a—Witness may testify as to identifying marks on defendant's body.**

The constitutional guarantee that a defendant shall not be compelled to testify against himself, Art. I, sec. 11, does not preclude testimony by a witness as to marks on defendant's body tending to identify him as the perpetrator of the crime.

**3. Same—Instruction in this case as to defendant's right not to testify held without error.**

An instruction that defendants had the right to testify or to decline to testify in their own behalf, and that their failure to testify should not be considered to their prejudice at any stage of the trial *is held* to be without error.

**4. Criminal Law J d—**

A motion for a new trial for newly discovered evidence is addressed to the discretion of the trial court, and his refusal to grant the motion is not reviewable in the absence of abuse.

APPEAL by defendants from *Stack, J.,* at March Term, 1933, of GUILFORD. No error.

The defendants were prosecuted and convicted upon an indictment charging them with highway robbery by the use or threatened use of firearms whereby they took from the person of Austin Beasley a watch, money and checks of the value of $297.00. Public Laws, 1929, chap. 187, sec. 1. From the judgment pronounced the defendants appealed.

The State's evidence tended to show that the prosecuting witness, Austin Beasley, operated a repair shop on the High Point road about four miles from Greensboro and that on 3 February, 1933, about 9:00 o'clock at night, he received a telephone call requesting him to go into the country for the purpose of repairing a Ford car. In consequence of the call he drove seven miles and, finding no Ford car, he was attracted by the movements of a Buick car which seemed to be following him. Later a Ford car in which two men were riding came in sight and approached to the left of Beasley's car, when one of the men jumped upon the running board of Beasley's car, stopped it, and at the point of a pistol made Beasley get out, at the same time holding the muzzle of the pistol against Beasley's jaw. At this time the other man went through his pockets and took therefrom the articles charged in the indictment. After they left him Beasley returned and had a conference with officers and informed them that he had been robbed, giving a minute description of the assailants but not mentioning the name of either of the defendants. The next day, however, or the next night, he did give the names of the two defendants as the men who had made the assault.

The appellants pleaded not guilty and relied in part upon evidence tending to show an alibi. The evidence was conflicting and upon its submission to the jury the verdict was returned as stated.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*
*George A. Younce and Adam Younce for appellants.*

ADAMS, J. The first, fourth, sixteenth, and nineteenth exceptions are clearly untenable and call for no discussion; and as to exceptions eleven and twelve it is manifest that the court could not have granted the motion for dismissal of the action without exercising arbitrary disregard of the State's evidence. Beasley testified unequivocally that the defendants were his assailants.

On the examination of John C. Storey, deputy sheriff, who was a witness for the State, the solicitor elicited the following testimony: "Q. Did you examine his (Riddle's) leg to see whether there was any bruise on it or not? A. Yes sir. Q. Was it there? A. There was. Q. Where was the bruise and what was the character of it? A. It was a bruise, I would not say it was cut; the skin was not broken; it looked more like, more of an indentation or a bruise, where it had possibly sorter scratched something." To this evidence the appellants excepted. The witness further stated in this connection that there was discoloration of the bruise which was about two inches long and that when the witness started to raise the left leg of the trousers Riddle rolled it up himself, admitting the scratch saying that he had received it on a bed.

It is fundamental, of course, that in criminal prosecutions no man shall be compelled to give evidence against himself. Const., Art. I, sec. 11. The appellant insists that the evidence was admitted in breach of this constitutional interdiction and cites as authority the case of *S. v. Jacobs,* 50 N. C., 259, in which it was held that during the trial of a criminal action the State had no right to compel a defendant in a criminal prosecution to exhibit himself to the inspection of the jury for the purpose of enabling them to determine his status as a free Negro. In that case the defendant was on trial. But in *S. v. Graham,* 74 N. C., 646, it was held that a prisoner who was under arrest for larceny but not on trial could be compelled by the officer having him in charge to put his foot in a track found in a field for the purpose of comparison; and in *S. v. Thompson,* 161 N. C., 238, it was held not to be duress to require a prisoner who was present at a coroner's inquest and was afterwards prosecuted for murder either to put his foot in certain footprints or to place himself in a position from which it could be determined whether he could have fired the fatal shot through a

window and killed the deceased. Confessions which are not voluntary are generally rejected as evidence on the theory that they are induced by hope or fear; but independent facts ascertained by means of an involuntary confession may be admissible. *S. v. Graham, supra.* The distinction between the case of *S. v. Jacobs, supra,* and the present case is that in the former the prisoner, while on trial, was compelled to exhibit himself to the jury and in the latter the witness testifies as to the result of his inspection. *S. v. Garrett,* 71 N. C., 85; *S. v. Thompson, supra; S. v. Turner,* 32 L. R. A. (N. S.), 773. Cf. *S. v. Campbell,* 182 N. C., 911; *S. v. Hickey,* 198 N. C., 45. Exceptions 7 and 8, therefore, present no adequate cause for a new trial.

The court instructed the jury that the defendants had a legal right to testify or to decline to testify in their own behalf and that the fact that they did not testify should not be considered to their prejudice at any stage of the trial. In this instruction we discover no implication or suggestion, near or remote, that the defendants should have taken the witness stand in their own behalf; and in reference to the alibi the charge is equally free from error. For these reasons exceptions 14 and 15 must be overruled.

The seventeenth exception is addressed to the refusal of the judge to grant a new trial for newly discovered evidence. After the verdict was returned and before the judgment was pronounced the defendants claimed to have discovered new evidence upon which the verdict should be set aside. Upon the trial there was evidence tending to show that the prosecuting witness did not inform the officers on the night of the robbery that he knew the defendants were his assailants; and the newly discovered evidence was to the effect that he admitted at the time it was not the defendants who had assaulted him. Several witnesses were examined when the motion was made and it is apparent upon the record that his Honor, without in any manner abusing his discretion, gave the matter careful and deliberate consideration.

In *Vest v. Cooper,* 68 N. C., 132, the Court observed that it is as well settled as anything in the practice that the presiding judge may set aside a verdict and grant a new trial for newly discovered evidence in the exercise of his discretion, from which no appeal lies except in case of abuse. This rule has been uniformly observed in subsequent decisions. *Braid v. Lukins,* 95 N. C., 123; *S. v. Rhodes,* 202 N. C., 101; *S. v. Cox, ibid.,* 378; *S. v. Griffin, ibid.,* 517; *S. v. Moore, ibid.,* 841; *S. v. Lea,* 203 N. C., 316; *S. v. Edwards, post,* 661. Upon investigation of all the exceptions we find

No error.