CONNIE JARRETT v. WINSTON MUTUAL LIFE INSURANCE COMPANY.

(Filed 26 June, 1935.)

**Appeal and Error J a—Order granting new trial for newly discovered evidence in exercise of discretionary power is not reviewable.**

> A motion for a new trial for newly discovered evidence, made in the Superior Court on appeal from judgment of the county court, is addressed to the discretion of the court, and an appeal from the court's order allowing the motion and remanding the cause to the county court for a new trial will be dismissed.

APPEAL by plaintiff from *Pless, J.,* at February Term, 1935, of FORSYTH.

Civil action to recover on policy of life insurance, instituted in the Forsyth County Court, where verdict and judgment for $285.00 were rendered in favor of the plaintiff, from which the defendant appealed to the Superior Court of Forsyth County, assigning errors.

Defendant also lodged motion in the Superior Court for new trial on ground of newly discovered evidence. This motion was allowed, and the cause was remanded to the Forsyth County Court for new trial. From this ruling the plaintiff appeals, assigning errors.

*Slawter & Wall for plaintiff.*
*Ingle & Rucker for defendant.*

STACY, C. J. The Forsyth County Court was established in 1915, as an inferior court for the trial of civil cases only, with the right of appeal by "either the plaintiff or the defendant" to the Superior Court of Forsyth County "for errors assigned in matters of law in the same manner and under the same requirements as are now provided by law for appeals from the Superior Court to the Supreme Court." Chapter 520, Public-Local Laws 1915; *Chappel v. Ebert,* 198 N. C., 575, 152 S. E., 692. Subsequent legislation affecting the court is not presently pertinent. *Chemical Co. v. Turner,* 190 N. C., 471, 130 S. E., 154.

The appellate jurisdiction of the Superior Court is not questioned; its authority in the exercise of such jurisdiction to grant new trials on the ground of newly discovered evidence is not mooted; nor is the sufficiency of the evidence to invoke a discretionary ruling challenged on the present record. *Crane v. Carswell,* 204 N. C., 571, 169 S. E., 160. These are all conceded or taken for granted. *S. v. Edwards,* 205 N. C., 661, 172 S. E., 399; *S. v. Lea,* 203 N. C., 316, 166 S. E., 292; *S. v. Casey,* 201 N. C., 620, 161 S. E., 81.

It is the uniform holding that no appeal lies to this Court from a discretionary determination of an application for a new trial on the ground of newly discovered evidence. *Crane v. Carswell, supra; S. v. Ferrell,* 206 N. C., 738, 175 S. E., 91.

Speaking to the subject as far back as *Vest v. Cooper* (1873), 68 N. C., 131, *Reade, J.,* delivering the opinion of the Court, said: "There seems to be an impression that there may be an appeal from every motion for a new trial; and the fact is overlooked that it must 'involve a matter of law or legal inference,' and not a mere matter of discretion. This will illustrate: Plaintiff recovers of defendant $1,000. Defendant files affidavit that since the trial he has discovered that he can prove the debt has been paid. His Honor says, I believe your affidavit and I grant a new trial, or I do not believe it, and I refuse a new trial. This is a matter of discretion, and no appeal lies." This has been cited with approval in subsequent decisions: *S. v. Riddle and Huffman,* 205 N. C., 591, 172 S. E., 400; *S. v. Lea, supra.*

It follows, therefore, that the appeal must be dismissed. It is so ordered.

Appeal dismissed.