STATE v. ANICA GARRETT and LUCY STANLEY.

Any circumstances tending to show the guilt of the accused, may be proved, although it was brought to light by a declaration inadmissible *per se*, as having been obtained by improper influence.

*Therefore*, evidence as to the condition of the prisoner's hand at the time of holding the inquest is admissible, although the prisoner was then compelled to exhibit her hand by the Coroner after objection on her part.

(*State* v. *Jacobs*, 5 Jones, 259; *State* v. *Johnson*, 67 N. C. Rep. 55, cited and approved.)

INDICTMENT, for murder, tried at Fall Term, 1873, of the Superior Court of WASHINGTON county, before his Honor, *Judge Moore.*

The prisoners were charged with the murder of Alvina Garrett, a girl of fourteen years of age; on the trial, Lucy Stanley was acquitted.

The evidence for the State established that on the 26th of August, 1873, the prisoners made an out-cry that the deceased came to her death by her clothes accidentally catching fire while she was asleep; and when the witness reached the house where the body of the girl, and where the prisoners were, Anica Garrett told the witness that " she," Anica, " was asleep when she was awakened by the deceased screaming; that she went to her, her clothes were still burning, and in attempting to put out the flames, she, Anica, burnt one of her hands."

By Dr. Walker, the examing physician on the Coroner's in-quest, it was proved that the body of the deceased girl was not burned before, but after death, there being no serum in the blisters, &c.

The prisoner, Anica, while under arrest, and very much agitated before the Coroner, and after the jury had rendered their verdict against her, in their presence, was ordered by the Coroner to unwrap the hand she alleged had been burnt, and show it to Dr. Walker, so that it might be seen if it had been burned or not. This she did, and there was no indication whatever of any burn upon it. This evidence was objected to by the counsel for the prisoner, because it was in substance compelling the prisoner to furnish evidence against herself; and that being under arrest, and alarmed, nothing which she had said or done while under arrest, and at the Coroner's com-mand, was admissible in evidence against her, she not having been cautioned and informed of her rights according to law.

The Court ruled that anything the prisoner said at the in-quest was inadmissible, but that the actual condition of her hand, although she was ordered by the Coroner to unwrap it and exhibit to the doctor, was admissible as material evidence to contradict her statement to the witness on the night of the homicide and before she was arrested. To this ruling, counsel for prisoner excepted.

The jury returned a verdict of guilty. Rule for a new trial, granted and discharged. Judgment of death and appeal by prisoner.

*J. A.* and *A. M. Moore* and *Jones & Jones*, for the prisoner, submitted :

No person is compelled to give evidence against himself. Bill of Rights, sec 11. Nor can a defendant be compelled to furnish evidence for the State, by exhibiting himself to the jury. *State* v. *Jacobs*, 5 Jones, 259. Being compelled to show her hand is within the rule. See also as to this, 1 Lord Raymond, 705 ; 2 *Ibid*, 927 ; *Rex* v. *Shelby*, 3 Term Rep. 142.

Confessions must be voluntary. *State* v. *Mathews*, 66 N. C. Rep., 106 ; Greenleaf Ev. 245, 246.

*Attorney General Hargrove*, for the State.

BYNUM, J. The prisoner objected to the admissibility of the evidence as to the condition of her hand and relied upon the case of the *State* v. *Jacobs*, 5 Jones, 259.

The distinction between that and our case is that in *Jacobs'* case, the prisoner himself, on trial, was compelled to exhibit himself to the jury, that they might see that he was within the prohibited degree of color, thus he was forced to become a witness against himself. This was held to be error.

In our case, not the prisoners, but the *witnesses*, were called to prove what they saw upon inspecting the prisoner's hand, although that inspection was obtained by intimidation.

The prisoner had alleged that she had her hand burned in endeavoring to extinguish the fire upon the deceased, and at the Coroner's inquest she carried her hand wrapped up in a handkerchief and thus concealed it from view. She was made to unwrap and show her hand to the physician, which thus exposed, upon examination, showed no indication of a burn. It was evidently a fraud adopted to give countenance and support to her story, and the Coroner was justified in exposing a trick upon the public justice of the country.

The later cases are uniform to the point that a circumstance tending to show guilt may be proved, although it was brought to light by declaration, inadmissible, *per se*, as having been obtained by improper influence. Arch. Crim. Pl., 131, and note by Waterman, *State* v. *Johnson*, 67 N. C. Rep., 55. Familiar illustrations are where the accused is, by force, made to put his foot in a track, or allow the foot to be measured, where he is, by duress, compelled to produce stolen goods, or to disclose their hiding place, and they are there found. In these cases the *facts* thus brought to light are competent evidence, though the declarations of the accused, made at the time, are excluded as having been obtained by improper influence.

We have carefully examined the whole record, and we find no defect therein.

There is no error. This will be certified to the Court below that further proceedings be there had, according to law.

PER CURIAM.                                   Judgment affirmed.