STATE v. VICTOR KLINE.

(Filed 30 September, 1925.)

**Criminal Law—Assault and Battery—Statutes—Instructions—Expression of Opinion.**

On a trial under a criminal indictment the burden is on the State to show beyond a reasonable doubt the ingredients or elements necessary to constitute the statutory offense, or the lower degree of the same crime for which a verdict is permissible and where assault and battery, prohibited by C. S., 4213, are charged, the State must accordingly

show that it was maliciously done with a deadly weapon, secretly by way-laying or otherwise, etc., with intent to kill, and when the evidence is conflicting, it is an expression of opinion inhibited by C. S., 564, for the judge to charge the jury that if they believe the evidence, a cold-blooded and cruel assault had been committed.

APPEAL by defendant from *Bond, J.,* at May Term, 1925, of LEE.

Criminal prosecution, tried upon an indictment charging the defendant with a malicious, secret assault in violation of C. S., 4213.

From an adverse verdict and sentence of three years in the State's prison, the defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*A. A. F. Seawell, W. D. Siler and H. F. Seawell for defendant.*

STACY, C. J. The statute under which the defendant was indicted and convicted provides that if any person shall commit an assault and battery upon another (1) maliciously, (2) with a deadly weapon, (3) in a secret manner, by waylaying or otherwise, notwithstanding the person so assaulted may have been conscious of the presence of his adversary, (4) with intent to kill such other person, he shall be guilty of a felony and shall be punishable by imprisonment in jail or in the penitentiary (State's prison) for not less than twelve months nor more than twenty years, or by a fine of not exceeding two thousand dollars, or both, in the discretion of the court. C. S., 4213. In order to warrant a conviction under the statute, all of the essential elements of the crime must be proved by competent evidence (*S. v. Crisp,* 188 N. C., 800), and the burden is on the State to establish the defendant's guilt beyond a reasonable doubt, where a plea of "not guilty" is entered, as was done in the instant case. *S. v. Redditt,* 189 N. C., 176; *Speas v. Bank,* 188 N. C., p. 527.

It appears that on the night of 22 April, 1925, the prosecuting witness, Truby Proctor, was visiting at the home of J. F. Wicker, near Colon in Lee County. While there some one secreted himself in the rear of his automobile. The prosecuting witness left about 10:00 o'clock and was driving towards the public highway from the Wicker house, when the person in the rear of the car struck him over the head with an iron bar, inflicting serious injury upon him. Proctor testified that in the scuffle which followed, partly in the light of the automobile, he recognized the defendant as his assailant; that the defendant left the car, ran down the road, across the field and towards the woods.

The defendant testified that he was at the home of Mr. R. S. Kelly on the night in question; that he roomed there; that he knew nothing

of the occurrence until about 1 :00 or 1 :30 o'clock that night when he was aroused from his bed and charged with the offense.

The evidence was plenary on both sides. It was sufficient on behalf of the State to warrant a conviction and on behalf of the defendant to warrant an acquittal. The case was peculiarly one for the jury under proper instructions from the court.

The following paragraph, taken from the judge's charge, forms the basis of one of the defendant's exceptive assignments of error:

"Take the case—it is important. If the evidence is believed it was a terrible wrong which was done this young man, and a cold-blooded, cruel assault was committed upon him. On the other hand, it is highly important to the prisoner that no mistake be made. It is for you to say how you find the facts to be from the evidence in the case. Take the case, give it a fair and impartial trial, fair to both sides, recollecting all the evidence and recollecting the contentions of counsel, the different arguments made for the defendant, and after a proper consideration of all of it, return your verdict, and say whether you find, or not, under the instructions I have given you as to the burden of proof, the defendant is guilty or not guilty."

We think this instruction must be held for error on the present record. It would seem to be objectionable in two respects: In the first place, the characterization of the assault and battery as a "terrible wrong and a cold-blooded, cruel assault, if the evidence is believed," carries with it an expression of opinion that the act was done with the requisite felonious intent necessary to be shown on an indictment for a secret assault in violation of C. S., 4213, or at least the jury might well have so understood it. The defendant was charged with a malicious, secret assault, with a deadly weapon and with intent to kill the prosecuting witness, each and every essential element of which was put in issue by his plea of traverse. The burden was on the State to establish the defendant's guilt beyond a reasonable doubt; and although his counsel may have argued to the jury that a great wrong had been committed by some one, still this did not relieve the trial court from the duty of observing the statutory injunction against expressing an opinion as to whether a necessary fact had been fully or sufficiently proved. *S. v. Merrick,* 171 N. C., 788. The language of C. S., 564 is as follows:

"No judge, in giving a charge to the petit jury, either in a civil or a criminal action, shall give an opinion whether a fact is fully or sufficiently proven, that being the true office and province of the jury; but he shall state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon."

Under numerous decisions of the Court, dealing directly with the subject, this statute has been interpreted to mean that no judge, in giving

a charge to the jury or at any time during the trial, shall intimate whether a fact is fully or sufficiently proved, it being the true office and province of the jury to weigh the testimony and to decide upon its adequacy to establish any issuable fact. See *S. v. Hart,* 186 N. C., 582, and *Speed v. Perry,* 167 N. C., 122, where the statute, in all of its phases, is discussed at considerable length, with full citation of authorities. It would only be a matter of repetition to animadvert further upon the subject, and we content ourselves by a reference to what is said in these late cases.

Of course, the capable and painstaking judge who presided at the trial did not intend to prejudice the defendant's case. Not the slightest intentional wrong can be imputed to him. The error is one of those casualties which may befall the most circumspect in the trial of a cause on the circuit. It was no doubt induced by the manner in which the case was tried and the course pursued on the hearing. Such is a permissible inference from the record.

In the second place, this charge apparently withdrew from the jury's consideration any question of a conviction of "a less degree of the same crime," as authorized by C. S., 4640, when there is evidence tending to support a milder verdict, as was the case here, and such is permissible under the bill of indictment. *S. v. Allen,* 186 N. C., p. 307. The case presents a situation where the defendant is entitled to have the different views properly presented to the jury, and an error in this respect is not cured by a verdict convicting the defendant of the highest offense charged in the bill of indictment, for in such event it cannot be known whether the jury would have convicted of a less degree of the same crime if the different views, arising on the evidence, had been correctly presented to them by the trial court. *S. v. Williams,* 185 N. C., 685, and cases there cited.

The exception to the above instruction is well taken, and the defendant is entitled to a new trial. It is so ordered.

New trial.