STATE v. JOHN GOODING.

(Filed 6 March, 1929.)

**1. Assault Upon a Female—Evidence—Weight and Sufficiency.**

Upon the issue of whether the defendant committed an assault upon a female, her testimony that she was suddenly caught from behind by her arms by the defendant and that she freed herself by her violent exertions and that the defendant explained that he wanted to know how her arms felt, is sufficient to take the case to the jury.

**2. Appeal and Error—Record—Matters Not Set Out in Record Deemed Without Error.**

On appeal the charge of the trial court is presumed to be correct when it is not set out in the record.

**3. Trial—Reception of Evidence—Motions to Strike Out.**

Where exception is taken to a question asked a witness and the answer of the witness is not responsive, a motion to strike out the answer should be made, and where this is not done the exception will not be considered on appeal.

**4. Trial—Instructions—Requests for Instructions.**

If a party desires that an unresponsive answer not be considered by the jury he should request an instruction to that effect.

APPEAL by defendant from *Nunn, J.,* and a jury, at September Term, 1928, of JONES. No error.

The defendant was indicted for an assault and battery on one Callie Lee Hill, a female. There was a verdict of guilty rendered by the jury, and the defendant was sentenced to be confined in the common jail for eighteen months and assigned to work the roads of Lenoir County.

Punishment prescribed in C. S., 4215.

The defendant made the exceptions and assignments of error which will be considered in the opinion, and appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Shaw & Jones for defendant.*

PER CURIAM. The defendant at the close of the State's evidence and at the close of all the evidence made a motion for judgment of nonsuit. C. S., 4643. This motion cannot be sustained.

The prosecutrix testified "that she was the wife of Tom Hill; that she went into the store of the defendant, John Gooding, to get some kerosene; that the wife and an 18-year-old daughter were in the kitchen, where she had gone and that she had her little child with her. This was all in the day time. That the defendant came in, and the first time

she knew he was there he grabbed her by the arms from the back and held her so tight she had to use all her strength to release herself; that the defendant stated when she had released herself that he just wanted to see how her arms felt."

The charge is not set out in the record; the presumption is that the court below correctly instructed the jury the law as to what constituted assault and battery and applied the law to the facts.

Any unlawful beating or other wrongful physical violence or constraint inflicted on a human being without his or her consent is a battery. The evidence was sufficient to be submitted to the jury—the probative force was for them.

The following question was asked the prosecuting witness, to which exception and assignment of error was duly made: "Q. Had he been to your house before? Answer: I have heard him say that he could hug and kiss any of the white women in the community, and that he did hug and kiss all of the other white women in the community."

We could not say that the question was objectionable, but the answer seems not to be responsive to the question. It is well settled in this jurisdiction that defendant's objection should have been accompanied by a motion to strike the objectionable statement from the record if he deemed it incompetent and prejudicial. If he desired to do so, he should have requested an instruction to the effect that the jury should not consider it as evidence. *Luttrell v. Hardin*, 193 N. C., at p. 269. In the record we find

No error.