## STATE v. EVELYN ECCLES.

(Filed 24 January, 1934.)

**1. Constitutional Law F a—**

The admission of incriminating testimony of defendant's physical condition by witnesses who examined her without objection does not violate defendant's constitutional right not to be compelled to give evidence against herself. Art. I, sec. 11.

**2. Homicide G e—**

Evidence of defendant's guilt of unlawful homicide held sufficient to overrule her motion for judgment as of nonsuit.

APPEAL by defendant from *Moore, Special Judge,* at July Term, 1933, of FORSYTH. No error.

The defendant was tried on an indictment charging her with the murder of her unnamed child. She was convicted of manslaughter.

From judgment that she be confined in the State's prison, at hard labor, for a term of eighteen months, the defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for the State.*
*William Graves and Wm. H. Boyer for defendant.*

PER CURIAM. The admission of the testimony of the county physician and of the coroner, who had each examined the defendant after her arrest and before her trial, at the request of the officer who had arrested her, as evidence tending to show that defendant, a seventeen-year-old girl, had recently given birth to a child, did not violate the constitutional rights of the defendant, under section 11 of Article I of the Constitution of North Carolina.

It is provided in said section that in a criminal prosecution, the accused shall not be compelled to give evidence against himself. The defendant was not compelled by the officer or by the physician to submit her person to an examination. There was no evidence at the trial tending to show that she objected to either of the examinations. She was not compelled to give and did not give evidence against herself, either before or at the trial. The testimony as to her physical condition a few days after the discovery by the officer of the body of a dead child at her home was properly admitted as evidence. 16 C. J., 567.

The evidence offered by the State tended to show not only that defendant had killed her new-born child, but also that the homicide was unlawful, and that defendant was guilty of manslaughter at least.

There was no error in the refusal of the trial court to allow defendant's motion at the close of the evidence for the State, that the action be dismissed by judgment as of nonsuit. The defendant did not offer evidence at the trial. The evidence offered by the State was properly submitted to the jury, and was sufficient to support the contentions of the State. The judgment is affirmed.

No error.