## STATE v. DAN PATTERSON.

(Filed 15 December, 1937.)

1. **Homicide § 25—Conflicting evidence as to identity of defendant as perpetrator of crime held properly submitted to the jury.**

   In this homicide prosecution defendant contended that he did not fire the fatal shot, but admitted deceased was killed with a pistol. All the witnesses, both for the State and for defendant, who testified they were present at the time, testified that the fatal shot was fired by another, and that deceased so stated immediately after the fatal shooting, but there was competent testimony as to dying declarations by deceased identifying defendant as the perpetrator of the crime. *Held:* The conflicting competent evidence was properly submitted to the jury.

2. **Homicide § 27b: Criminal Law § 53c—Charge held for error in placing burden on defendant to prove his innocence.**

   In this homicide prosecution the court charged the jury that they might return one of three verdicts, as they found "from the evidence beyond a reasonable doubt, first, guilty of murder in the second degree; second, guilty of manslaughter; third, not guilty." *Held:* The instruction is erroneous in charging the jury that they could not return a verdict of not guilty unless so satisfied from the evidence beyond a reasonable doubt, and although in other portions of the charge the court correctly placed the burden of proof, the error *is held* prejudicial in view of all the evidence in the case.

APPEAL by defendant from *Armstrong, J.,* at July Term, 1937, of RICHMOND. New trial.

The defendant was tried on an indictment for the murder of Crawford Little. He was convicted of manslaughter.

From judgment that he be confined in the State's Prison for a term of not less than two or more than five years the defendant appealed to the Supreme Court, assigning errors in the trial.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Jones & Jones for defendant.*

STATE v. PATTERSON.

CONNOR, J. At the trial of this action it was admitted by the defendant that the death of the deceased was the result of a wound inflicted upon him by a pistol shot on Saturday night, 22 August, 1936, at the home of Tom Lett LeGrand, in Richmond County, North Carolina. This admission was entered in the record. The defendant by his plea of not guilty denied that he fired the pistol which inflicted the fatal wound.

There was no evidence at the trial tending to show that the defendant shot the deceased except the testimony of witnesses tending to show statements by the deceased several days after he was shot, which were admitted by the court as dying declarations of the deceased, tending to show that the defendant shot the deceased. All the witnesses, both for the State and for the defendant, who testified that they were present when the deceased was shot, testified that he was shot by one V. Z. Pankey with whom the deceased had had a quarrel immediately before he was shot and that the deceased had so stated immediately after he was shot and subsequently at the hospital. The credibility of both the testimony of the witnesses as to the dying declarations and of said declarations by the deceased was sharply impeached by evidence offered by the defendant. The evidence, however, was competent and was properly submitted to the jury as tending to show that the defendant shot the deceased, as contended by the State.

In its charge the court instructed the jury as follows:

"Gentlemen of the jury, you will see in this case that you may return one of three verdicts, as you so find from the evidence and beyond a reasonable doubt; first, guilty of murder in the second degree; second, guilty of manslaughter; third, not guilty."

The defendant having duly excepted to this instruction, on his appeal to this Court assigns same as error, in that the jury was instructed by the court that they could not return a verdict of "Not guilty" unless they were satisfied beyond a reasonable doubt that he is not guilty.

There was error in the instruction, and although the court had properly instructed the jury on other portions of its charge, with respect to the burden of proof, we think, in view of all the evidence in this case, this error was prejudicial to the defendant. *S. v. Morgan,* 136 N. C., 628, 48 S. E., 670.

For the error in the charge the defendant is entitled to a new trial. It is so ordered.

New trial.