## STATE v. HUBERT Y. CASH.

(Filed 14 June, 1941.)

**1. Homicide § 25—**

Evidence tending to show that defendant lay in wait outside his wife's residence, that he immediately appeared when she left the house to go to work in the morning, that he chased her for about 167 steps and fired three shots, inflicting mortal wounds, *is held* amply sufficient to support the jury's verdict of murder in the first degree.

**2. Homicide § 10: Criminal Law § 5b—**

Defendant's plea that he was insane at the time of the homicide due to the continued use of liquor, morphine and other opiates, was rejected by the jury.

**3. Criminal Law § 50a—**

The remarks of the trial court, in answer to argument of defendant's counsel upon the question of the competency of certain evidence, that "I am against you on that" amounted to no more than a ruling on the evidence and cannot be held for error as an intimation upon the weight or credibility of the evidence.

STATE *v.* CASH.

**4. Constitutional Law § 29—**

Defendant pleaded insanity at the time of the homicide due to the continued use of liquor and opiates. The record failed to show any compulsion on the part of the officers in obtaining specimens of defendant's blood and urine in order to ascertain the presence or absence of alcohol or morphine in his system. *Held:* Defendant's contention that the obtaining of the specimens compelled him to give evidence against himself is untenable. Art. I, sec. 11.

**5. Same—**

Incriminating physical facts disclosed by examination or interrogation of defendant are competent even though the examination be under compulsion or the communications privileged, albeit declarations of the accused made at the time, if obtained by improper influence, are to be excluded.

**6. Homicide § 21—**

Defendant suddenly appeared upon the scene just as his wife was leaving her residence in the morning to go to work. Defendant objected to the admission of evidence that freshly smoked cigarette butts were found around a chair in the woodhouse near the dwelling. It appeared that the woodhouse was the most logical place for a person to secret himself on the premises. *Held:* The evidence of the finding of the cigarette butts at the place indicated was competent as a circumstance tending to show lying in wait or premeditation and deliberation.

**7. Criminal Law § 32a—**

Circumstantial evidence, when properly understood and applied, is a recognized and accepted instrumentality in the ascertainment of truth.

**8. Criminal Law §§ 5d, 53c—**

Where, in the first part of the charge, the court instructs the jury that the burden is upon the defendant to establish his plea of insanity to the satisfaction of the jury, the fact that the court thereafter in several instances placed the burden of showing insanity upon defendant without restating the requisite intensity of proof, cannot be held for error, since the charge must be read contextually as a whole.

**9. Criminal Law § 53e—**

In a prosecution for a capital offense, an instruction to the jury that the jurors are called upon to discharge a solemn duty "as solemn as may ever come to you again in the course of your life," cannot be held for error as an inadvertent intimation to the jury that they were called upon to render a verdict of guilty of the capital offense, since the remark is equal predicate for an intimation that the jurors should render a verdict of not guilty, and merely called to the jurors' attention their duty to find the facts and do justly in a hard case.

APPEAL by defendant from *Williams, J.,* at December Special Term, 1940, of DURHAM.

Criminal prosecution tried upon indictment charging the defendant with the murder of his wife, Ruth Copley Cash.

Verdict: Guilty of murder in the first degree whereof he stands indicted.

Judgment: Death by asphyxiation.

The prisoner appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*E. C. Brooks, Jr., for defendant.*

STACY, C. J. The record discloses that on the morning of 17 September, 1940, the defendant fired three shots at his wife as she was fleeing from him, crying for help, and he in pursuit. The shots proved fatal. It was about 7 :00 a.m. The deceased had started to her work. She was crossing the street in front of her house when she first saw the defendant and began to run, at the same time calling for help. As the defendant gave pursuit, their little girl was jumping up and down and screaming, "Don't let him kill my mother." The race continued for about 167 steps when the first shot was fired. "She started wobbling and as she got on the curb he fired the second shot. As she was falling he fired the third shot. . . . She never did speak. We carried her to the hospital and they pronounced her dead." The evidence shows a clear case of murder in the first degree, and the jury has so found. *S. v. Keaton,* 205 N. C., 607, 172 S. E., 179.

The defendant pleaded that he was insane at the time of the homicide, due to the continued use of liquor, morphine and other opiates, and that he had no recollection of the killing. *S. v. Lee,* 196 N. C., 714, 146 S. E., 858. The jury rejected his plea of insanity or mental irresponsibility. *S. v. Jones,* 203 N. C., 374, 166 S. E., 163.

The principal exceptions taken during the trial are those addressed (1) to comments made by the judge on the competency of evidence, (2) to the admission and exclusion of testimony, and (3) to portions of the charge.

First. The remark made by the judge to counsel for defendant in answer to his argument directed to the competency of certain evidence, "I am against you on that," amounted to no more than a ruling upon the evidence. Such was its purpose and intent. It is not perceived how the remark could have been hurtful to the defendant. *S. v. Puett,* 210 N. C., 633, 188 S. E., 75. There are other exceptions of similar import, not necessary to be set out. They fall in the same category. It is conceded that any intimation of the presiding judge, made in the presence of the jury, that a disputed fact in the case has been fully or sufficiently established, is reversible error. *S. v. Kline,* 190 N. C., 177, 129 S. E., 417. The remarks here challenged are not of such character.

Second.  Numerous exceptions were taken to the admission and exclusion of evidence.  The defendant chiefly complains in this respect that while he was in jail, specimens of his blood and urine were taken for chemical analyses to determine the presence or absence of alcohol and morphine in his system.  In this way, the defendant contends, he was compelled to give evidence against himself in violation of the constitutional inhibition against compulsory self-incrimination.  Const., Art. I, sec. 11.

Both sides have directed their attention to this question in thorough fashion, but the record fails to disclose any compulsion on the part of the officers in obtaining specimens of the defendant's blood and urine.  The exceptions are therefore feckless.  *S. v. Eccles,* 205 N. C., 825, 172 S. E., 415.  They are not sustained.  It is the rule in this jurisdiction that physical facts discovered by witnesses on information furnished by the defendant may be given in evidence, even where knowledge of such facts is obtained in a privileged manner, *S. v. Garrett,* 71 N. C., 85 (examination by physician), by force, *S. v. Graham,* 74 N. C., 646 (compelling accused to put his shoe in track), by intimidation, duress, etc.  Factual information thus brought to light is competent evidence, though the declarations of the accused made at the time, if obtained by improper influence, are to be excluded.  *S. v. Gatton,* 60 Ohio App., 192, 20 N. E. (2d), 265.

The defendant also complains because the State was permitted to show the condition of the premises where the deceased lived; that freshly smoked cigarette butts were found around a chair in the woodhouse, and that a person sitting in the chair could not have been seen from the dwelling.  It was the contention of the State that the defendant had secreted himself on the premises—the most logical place being in the woodhouse—and that he was there waiting for the deceased to come out of the house.  The defendant suddenly appeared upon the scene just as the deceased was crossing the street in front of her house on her way to work, and began chasing her.  While it does not appear that the assignment is an exceptive one, it would seem that the evidence was competent as tending to show lying in wait or premeditation and deliberation.  It was circumstantial evidence from which the jury might infer the fact. For this purpose it was admissible.  "Circumstantial evidence is not only a recognized and accepted instrumentality in the ascertainment of truth, but it is essential, and, when properly understood and applied, highly satisfactory in matters of the gravest moment"—*Merrimon, C. J.,* in *S. v. Brackville,* 106 N. C., 701, 11 S. E., 284.

Third.  There are several exceptions addressed to portions of the charge.  The defendant complains that on the issue of insanity the court failed to declare by what degree of proof the defendant was required to

satisfy the jury of his mental irresponsibility. This was done in the first part of the charge, "the burden of this plea is upon the defendant . . . to show it to the satisfaction of the jury." *S. v. Jones,* 191 N. C., 753, 133 S. E., 81. It is true that thereafter in several instances the burden of showing insanity was placed upon the defendant without stating the requisite intensity of proof, but the charge must be taken as a whole and read contextually. When thus considered, no prejudice has been made to appear.

Finally, in closing his charge to the jury the court admonished them, "You are called upon to discharge a solemn duty, as solemn as may ever come to you again during the course of your life," etc. The defendant contends that the court here inadvertently suggested or intimated to the jury that they were called upon to render a verdict of murder in the first degree. No more so, we apprehend, than that they were called upon to render a verdict of not guilty if they found the defendant to be insane at the time of the homicide. The responsibility of which the court was here speaking was to find the facts and to do justly in a hard case.

A careful perusal of the entire record leaves us with the impression that the case has been conducted in substantial conformity to the decisions on the subject and that the validity of the trial should be sustained.

No error.