### STATE v. BRADIE (BUSTER) FLOYD.

(Filed 10 December, 1941.)

**1. Homicide § 27b: Criminal Law § 53c—Charge held for error in placing burden on defendant to prove his innocence.**

In this homicide prosecution the court charged the jury that it might return a verdict of guilty of each of the three degrees of homicide, "or not guilty, as you may find the facts to be beyond a reasonable doubt." *Held:* The charge placed the burden upon defendant to prove his innocence beyond a reasonable doubt, and the charge must be held for prejudicial error notwithstanding that in other portions of the charge the court correctly instructed the jury upon the presumption of innocence and that the burden was on the State to prove defendant guilty beyond a reasonable doubt.

**2. Criminal Law § 81c—**

Where the court gives conflicting instructions on the burden of proof, one correct and the other erroneous, a new trial must be awarded, since it must be assumed on appeal that the jury was influenced by the incorrect portion of the charge.

APPEAL by defendant from *Williams, J.,* at April Term, 1941, of ROBESON.

Criminal prosecution upon indictment charging defendant with the murder of one Ollie Floyd.

Plea: Not guilty.

Verdict: Guilty of murder in the first degree.

Judgment: Death by asphyxiation.

Defendant appeals therefrom and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*T. A. McNeill and George T. Deans for defendant, appellant.*

WINBORNE, J.   Assignment of error is well taken by defendant to the following portion of the charge given by the court to the jury on the trial below: "Now, in this case, gentlemen, I charge you, you may return a verdict of guilty of murder in the first degree, guilty of murder in the second degree, guilty of manslaughter, or not guilty, as you may find the facts to be beyond a reasonable doubt, applying thereto the law as contained in the instructions of the court," and repeated in substance near the close of the charge.

See *S. v. Patterson,* 212 N. C., 659, 194 S. E., 283, upon authority of which decision is here rested.

The instruction in the *Patterson case, supra,* is the same as that challenged here.   There the Court, referring to quoted portion of the charge, said:  ".   .   .   the jury was instructed by the court that they could not return a verdict of 'Not guilty' unless they were satisfied beyond a reasonable doubt that he is not guilty.   There was error in the instruction, and although the court had properly instructed the jury on other portions of its charge with respect to the burden of proof, we think in view of all the evidence in this case, this error was prejudicial to the defendant."   So it is in the present case.   The court in other portion of the charge correctly instructed the jury that defendant comes into court presumed to be innocent of the offense charged and that presumption goes with him throughout the trial and remains with him until the State produces evidence which satisfies the jury beyond a reasonable doubt of his guilt.   Even so, we must assume in such case, in passing upon appropriate exception, that the jury, in coming to a verdict, was influenced by that portion of the charge which is incorrect.   *S. v. Starnes, ante,* 384, and cases there cited.

No doubt the error is just "one of those casualties which, now and then, befalls the most circumspect in the trial of causes on the circuit," *S. v. Kline,* 190 N. C., 177, 129 S. E:, 417.   See, also, *S. v. Starnes, supra.*

Nevertheless, it is error, for which defendant is entitled to a
New trial.