STATE v. EDWARD MAYS.

(Filed 17 October, 1945.)

**1. Evidence § 48b: Criminal Law §§ 31a, 31h—**

In a prosecution for murder, where, after a proper foundation was laid for the question, a physician who had examined the body was asked by the State his opinion as to the cause of death and replied, "My opinion is that she died from suffocation from the dress being crammed over her air passages," such expert testimony is proper and competent, and there being no objection to the answer and no motion to strike, the prisoner waived any ground for objection to so much of the answer as may not be responsive to the question.

**2. Criminal Law § 33—**

A confession, *prima facie* voluntary and admissible, is proper and competent as evidence, no fact or circumstance tending to impeach its voluntariness being made to appear.

**3. Criminal Law § 38a—**

Photographs to illustrate the testimony of witnesses, in a prosecution for murder, respecting wounds found on the body of deceased were competent; and being admitted, it was not improper to permit the jury to see them. Otherwise they would neither corroborate nor explain.

**4. Criminal Law § 31d—**

In a prosecution for murder, an exception for that the court admitted testimony as to the similarity of the footprints of defendant and certain prints found at and about the premises, where the crime was committed, cannot be sustained. The condition of the prints only goes to the weight of the evidence. It is likewise permissible to offer in evidence a cast or moulage of such footprints.

**5. Homicide §§ 3, 4c—**

Proof that a homicide was committed in the perpetration or attempted perpetration of rape makes the crime murder in the first degree and dispenses with the necessity of proof of premeditation and deliberation. G. S., 14-17.

**6. Homicide § 27c—**

There being sufficient evidence of murder in the first degree and no element of murder in the second degree or of manslaughter being made to appear, the court properly limited the possible verdicts to guilty of murder in the first degree or not guilty.

**7. Homicide §§ 14, 25—**

Where the bill of indictment charges the capital felony of murder in the language of the statute, G. S., 15-144, containing every necessary averment, proof that the murder was committed in the perpetration of a felony constitutes no variance between *allegata* and *probata*. If defendant desired more definite information, he had the right to request a bill of particulars, in the absence of which he has no cause to complain.

**8. Homicide § 10—**

> If a defendant possesses sufficient sanity to enable him to commit the crime of rape, then he is legally responsible for the homicide that results from his act.

APPEAL by defendant from *Burgwyn, Special Judge,* at July Special Term, 1945, of LEE. No error.

Criminal prosecution tried on bill of indictment charging the defendant with the murder of one Mattie L. Salmon.

The deceased, about 75 years of age, lived alone in a four-room house. On the morning of 17 June, 1945, she was found lying on her bed dead. Her clothing was pulled up about her shoulders, most of her body was exposed, and her bed was "all torn up."

"Her body was turned slightly to the left side, with her head towards the head of the bed, on the pillow, with her right limb drawn up slightly, her lower limb. Her hands were up, not over her head but in an upright position. Her mouth had bruise areas all the way around and there were abrasions on her lower and upper lips, bleeding slightly from the lips. The abrasions and bruises were entirely around her mouth, the worst part being on left corner and lower lip. There wasn't anything in her mouth, no foreign substance, but this dress was over her mouth and shoulder, right shoulder. This dress here, this bloody part, was over her mouth and right shoulder. No part of it was in her mouth. The blood was on that area adjacent to her mouth, was directly over it.

". . . Her arms, wrists and elbows were drawn up, some bruises on her arms and wrists, skin not broken but bluish area."

The wounds about her mouth were produced by pressure as if something were being pressed in her mouth.

A *post-mortem* examination disclosed bruises, abrasions, and tears, and the presence of spermatozoa.

There was evidence that one of the screen windows had been torn from its fastening and was placed loosely in the window. Tracks were found leading to and from the house. When compared, they appeared to have been made by the shoes of defendant. There was evidence of other facts and circumstances, including the testimony of two physicians, that deceased died from suffocation.

When defendant was arrested he made a detailed statement, the substance of which was consistent with the facts and circumstances testified to by State witnesses. He admitted he broke and entered the home of deceased and criminally assaulted her and that in so doing he crammed a cloth or dress in her mouth. He said that when he left he did not know she was dead.

Testifying in his own behalf, he denied that he knew the deceased or had ever been to her home or that he committed the crime charged. He also denied having made any of the incriminating statements about which the officer testified. He also offered evidence tending to show that he "does not have the sense of a man," "of an average white man," and "he has the mind of a 10 or 12 year old boy." He is ignorant and unlettered.

There was a verdict of "guilty of murder in the first degree." The court pronounced sentence of death and defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*E. L. Gavin and D. B. Teague for defendant, appellant.*

BARNHILL, J.  Dr. J. F. Foster examined the body of the deceased and being asked his opinion as to the cause of death he replied, "My opinion is that she died from suffocation from the dress being crammed over her air passages." Foundation was laid for the question which elicited this response.

Expert testimony as to the cause of the death was competent. Frequently it is the only available means of proving that fact. The question was proper and there was no objection to the answer or motion to strike the part thereof which undertook to give the means used. Defendant waived any grounds for objection to so much of the answer as may not be responsive to the question. *S. v. Lefevers,* 216 N. C., 494, 5 S. E. (2d), 55; *S. v. Hudson,* 218 N. C., 219, 10 S. E. (2d), 730; *S. v. Gooding,* 196 N. C., 710, 146 S. E., 806; *Luttrell v. Hardin,* 193 N. C., 266, 136 S. E., 726.

The confession was *prima facie* voluntary and admissible in evidence. *S. v. Grass,* 223 N. C., 31, 25 S. E. (2d), 193; *S. v. Wagstaff,* 219 N. C., 15, 12 S. E. (2d), 657. No fact or circumstance tending to impeach its voluntariness is made to appear. *S. v. Grass, supra; S. v. Exum,* 213 N. C., 16, 195 S. E., 7; *S. v. Wagstaff, supra.*

Photographs to illustrate the testimony of witnesses respecting wounds found on her body were competent. Being admitted, it was not improper to permit the jury to see them. Otherwise they would neither illustrate nor explain. *S. v. Shepherd,* 220 N. C., 377, 17 S. E. (2d), 469; *S. v. Miller,* 219 N. C., 514, 14 S. E. (2d), 522; *S. v. Holland,* 216 N. C., 610, 6 S. E. (2d), 217; *S. v. Jones,* 175 N. C., 709, 95 S. E., 576. See also *Janovich v. S.,* 256 Pac., 359, where the facts were similar.

Exception for that the court admitted testimony as to the similarity of the footprints of defendant and certain prints found at and about the

premises cannot be sustained. The condition of the prints only goes to the weight of the evidence. *S. v. Lowry,* 170 N. C., 730, 87 S. E., 62; *S. v. McLeod,* 198 N. C., 649, 152 S. E., 895.

It was likewise permissible for the State to offer in evidence a cast or moulage of such footprints. This is just another way of recording, portraying or "photographing" the appearance, shape, form and contour of this particular type of object. *Haley v. State,* 84 Tex. Cr. App., 629, 209 S. W., 675; *S. v. Simons,* 172 Wash., 438, 20 Pac. (2d), 844.

"A murder . . . which shall be committed in the perpetration or attempt to perpetrate any . . . rape . . . shall be deemed to be murder in the first degree . . ." G. S., 14-17. When a homicide is committed in the perpetration of the capital felony of rape the State is not put to proof of premeditation and deliberation. Proof that the homicide was committed in the perpetration or attempted perpetration of the felony of rape is all that is required. *S. v. Dunheen,* 224 N. C., 738.

There is abundant evidence in the record tending to establish this fact. The evidence tends to point to the defendant as the one who committed the offense. No element of murder in the second degree or manslaughter is made to appear. Hence the court properly limited the possible verdicts to guilty of murder in the first degree or not guilty. *S. v. Miller, supra; S. v. Myers,* 202 N. C., 351, 162 S. E., 764; *S. v. Donnell,* 202 N. C., 782, 164 S. E., 352; *S. v. Satterfield,* 207 N. C., 118, 176 S. E., 466; *S. v. Newsome,* 195 N. C., 552, 143 S. E., 187; *S. v. Wiggins,* 171 N. C., 813, 89 S. E., 58.

The bill of indictment charges the capital felony of murder in the language prescribed by statute. G. S., 15-144. It contains every averment necessary to be made. *S. v. Arnold,* 107 N. C., 861; *S. v. R. R.,* 125 N. C., 666. Proof that the murder was committed in the perpetration of a felony constitutes no variance between *allegata* and *probata. S. v. Fogleman,* 204 N. C., 401, 168 S. E., 536. If the defendant desired more definite information he had the right to request a bill of particulars, in the absence of which he has no cause to complain.

Whether the evidence offered on the plea of insanity was sufficient to be submitted to the jury we need not decide. The court below submitted it to the jury for their consideration under a charge that is free from error. This was all that the defendant could demand.

In this connection we may note that the mental capacity of the defendant to deliberate and premeditate is not at issue. If he possessed sufficient sanity to enable him to commit the crime of rape then he is legally responsible for the homicide that resulted.

The other exceptive assignments of error have received consideration commensurate with the gravity of the case. They fail to disclose any cause for disturbing the verdict.

In the trial below we find

No error.