STATE v. GEORGE HORNE.

(Filed 21 November, 1945.)

**1. Homicide §§ 17, 27a—**.

In a criminal prosecution for murder, on defendant's exception to the overruling of his objection to State's witness being permitted to tell what he saw happen on the occasion of the homicide, "unless he fixes the date," and to the court's remark in so ruling, "he hasn't got to fix any specific date," since time is not of the essence of the offense and both the indictment and testimony of other witnesses fixed the date on which defendant struck the blow causing deceased's death, the exception is without merit, and the remark of the judge may not be regarded as harmful.

**2. Homicide §§ 27d, 27e—**

Where the court charged the jury, in a prosecution for murder based on evidence that defendant struck deceased causing death :—that, if the State satisfies you by the evidence and you find beyond a reasonable doubt that defendant struck deceased on his head with a blackjack and that the blow or blows thus inflicted proximately caused his death and the fatal blow was struck with malice, defendant would be guilty of murder in the second degree; and that, if you so find that defendant so struck deceased and such blow or blows proximately caused his death, and that defendant did not strike with malice but did so willfully and unlawfully, he would be guilty of manslaughter; and where the court further charged that if the jury did not find, beyond a reasonable doubt, that defendant so struck the deceased, or if they found that defendant did so strike deceased, but were not satisfied beyond a reasonable doubt that the blow proximately caused his death, then, in either case, they should acquit the defendant—there is no error, and proximate cause was correctly defined.

**3. Homicide § 27a—**

On objections to the court's charge, the State asking for a verdict of either murder in the second degree or manslaughter, as the evidence may warrant, where the court charged fully as to the law applicable to murder in the second degree and as to manslaughter, and then stated at length the

contentions of the State and the contentions of the accused, we find no error, considering the charge contextually, as it is not perceived wherein prejudice or unfairness properly could be attributed to the language of the judge.

APPEAL by defendant from *Phillips, J.,* at April Term, 1945, of GASTON. No error.

Indictment for murder. The solicitor announced that the State would only ask for verdict of guilty of murder in second degree or manslaughter as the evidence might warrant. The State offered evidence tending to show that on 9 March, 1945, deceased was in defendant's cafe, and that in consequence of some apparently inoffensive words which passed between them the defendant became enraged, ordered deceased out of the cafe, and struck him on the head twice with a blackjack, and kicked him as he staggered out and fell in the yard. Deceased was unarmed and had made no hostile demonstration toward defendant or anyone else. Deceased died shortly thereafter, and *post mortem* examination revealed that death was due to fractured skull and ruptured artery inside the skull. Defendant denied that he had struck deceased with a blackjack, or that he had ever seen him. There was verdict of guilty of murder in second degree, and from judgment imposing sentence defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*O. A. Warren and Ernest R. Warrant for defendant.*

DEVIN, J. The defendant in his appeal from the judgment below brings forward three assignments of error which will be considered in order.

1. The defendant excepted to the overruling of his objection to a State's witness being permitted to tell what he saw happen on the occasion of the alleged homicide, "unless he fixes the date," and to the court's remark in so ruling, "he hasn't got to fix any specific date." Since time was not of the essence of the offense charged, and both the indictment and the testimony of other witnesses fixed 9 March, 1945, as the only date on which the deceased was struck by the defendant, the exception is without merit. *S. v. Moore,* 222 N. C., 356, 23 S. E. (2d), 31; *S. v. Baxley,* 223 N. C., 210, 25 S. E. (2d), 621. The remark of the judge in response to defendant's objection may not be regarded as harmful. *S. v. Cash,* 219 N. C., 818, 15 S. E. (2d), 277.

2. The defendant noted exception to the use of the following language by the court in charging the jury: "If you fail to find from the evidence and beyond a reasonable doubt that the defendant struck the

deceased at all, then he would not be guilty of any offense." The words quoted immediately followed instructions to the jury that if the State had satisfied them from the evidence beyond a reasonable doubt that the defendant struck the deceased on his head with a blackjack and that the blow or blows thus inflicted proximately caused his death, and the fatal blow was struck with malice, the defendant would be guilty of murder in the second degree; and that if the jury found beyond a reasonable doubt that defendant struck the deceased on his head with a blackjack, and such blow or blows proximately caused his death, but that defendant did not strike with malice but did so willfully and unlawfully, defendant would be guilty of manslaughter. Then followed the instruction in effect that if the jury did not find beyond a reasonable doubt that the defendant struck the deceased, he would not be guilty of any offense. The court was also careful to instruct the jury in substance if they found defendant did strike the deceased with a blackjack, but were not satisfied beyond a reasonable doubt that the blow proximately caused his death, they should acquit the defendant. Proximate cause was correctly defined.

The charge of the court in the matter to which exception was noted seems to have been free from error, and no harmful result to the defendant can be predicated thereon. The language here is different from that referred to in *S. v. Floyd,* 220 N. C., 530, 17 S. E. (2d), 658, and *S. v. Patterson,* 212 N. C., 659, 194 S. E., 283.

3. The defendant complained of the following statement by the judge in his charge to the jury: "Now, gentlemen of the jury, this is an important case for the State and an important case for the defendant. A man is dead and the State is saying and insisting that the defendant killed him unlawfully, the State asking at your hands a verdict of murder in the second degree and insisting that you should so find in this case." The record shows that immediately following the quoted words, the court stated that the State contended if the jury failed to find the defendant guilty of murder in the second degree, their verdict should be guilty of manslaughter; and the defendant's contention in the same connection was given as follows: "The defendant, on the other hand, insists and contends that you should fail to find from the evidence and beyond a reasonable doubt that he is guilty of murder in the second degree, and that likewise you should fail to find him guilty of manslaughter, but that you should fail to find from the evidence and beyond a reasonable doubt that he is guilty of either offense, murder in the second degree or manslaughter, and that your verdict should be that of not guilty."

These instructions were given at the close of the court's charge and after he had previously charged fully as to the law applicable to murder in the second degree and manslaughter and had stated at length the

contentions of the State and the defendant. Considering the charge contextually, we are unable to perceive wherein prejudice or unfairness properly could be attributed to the language used. *S. v. Hairston,* 222 N. C., 455, 23 S. E. (2d), 885; *S. v. Shepherd,* 220 N. C., 377, 17 S. E. (2d), 469.

Assignments of error relating to the denial of defendant's motion for judgment of nonsuit have been abandoned. The only other assignments of error are formal.

After a careful examination of the record as to the rulings complained of, we conclude that in the trial below there was

No error.